O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD J. JUSZCZAK,<br><br>      Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>      Defendant. | Case No. ED CV 16-2101-JGB (SP)<br><br>**ORDER DENYING EMERGENCY MOTION FOR IMMEDIATE RELIEF AND DISMISSING ACTION AS MOOT** |

On October 4, 2016, plaintiff Edward J. Juszczak, a prisoner at the Federal Correctional Institute I in Victorville, California ("Victorville FCI I"), filed an Emergency Motion Seeking Immediate Relief Due to Imminent Danger of Death ("Emergency Motion").[1] As plaintiff does not have an action pending in this Court, the Court construed the motion as a complaint seeking emergency relief for purposes of soliciting a response from the government regarding the status of plaintiff's medical care. The Court also notes that plaintiff neither paid the requisite filing fee nor submitted an application to proceed in forma pauperis.

---

[1] Although plaintiff refers to himself as "petitioner," he has not filed a petition. As discussed below, he also has not filed a complaint, although the allegations in the Emergency Motion are most akin to those that might be made in a civil rights complaint.

Plaintiff alleges he became ill on September 17, 2016, vomiting two pints of blood. Plaintiff was transferred to a hospital where he received a blood transfusion, underwent surgery, and was told he needed additional surgeries. Plaintiff was released from the hospital on September 22, 2016. Since his release from the hospital and return to Victorville FCI I, his abdomen has swelled enormously and he has continued to vomit and defecate blood. Plaintiff alleges he went to the medical facility at the prison on September 23, 24, and 26, 2016, but he was not examined or given medical attention at any of these visits. Plaintiff further alleges he has become very weak, believes he has lost a great amount of blood, and fears he is on the verge of death. Plaintiff asks this Court to issue an order requiring the Victorville FCI I medical facility to immediately evaluate plaintiff and give him medical care.

On October 5, 2016, this Court issued an Order to Show Cause Why Court Should Not Issue Emergency Order to Grant Medical Care. The Court ordered the government to inquire into the status of plaintiff's medical care at Victorville FCI I.

On October 6, 2016, the government filed a responding Report. The Report attests that plaintiff was examined by the Victorville FCI I Clinical Director on September 23, 2016. The Clinical Director noted plaintiff was prescribed various medications at the hospital, and that these medications were being continued at Victorville FCI I. At the end of the examination, the Clinical Director prescribed additional medication, advised plaintiff to continue taking his current medications, and to rest. On September 27, 2016, the Clinical Director submitted two consultation requests: for plaintiff to be seen by an offsite Gastroenterologist and to undergo an in-house abdominal ultrasound. These requests were approved later that day. Next, on October 4, 2016, plaintiff was seen by a Victorville FCI I Physician's Assistant after reporting to sick call. The Physician's Assistant prescribed further medication for plaintiff at the direction of the Clinical Director, renewed two medications, and discontinued two others. The Physician's Assistant advised plaintiff to attend sick call as needed and return immediately if his condition worsened. Lastly, on October 6,

2016, plaintiff was examined again. Thus, the government asserts that, contrary to plaintiff's claims of not having been examined or given medical attention, the medical records show that plaintiff has been repeatedly examined, treated, and referred for appropriate procedures since his return to Victorville FCI I on September 22, 2016.

With plaintiff's Emergency Motion, he essentially seeks injunctive relief without having first filed a complaint. Under the "case or controversy" requirement of Article III, Section 2 of the United States Constitution, federal courts may not issue advisory opinions. *See Flast v. Cohen*, 392 U.S. 83, 96, 88 S. Ct. 1942, 20 L. Ed. 2d 947 (1968). "A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. "Only after an action has commenced can preliminary injunctive relief be obtained." *Stewart v. U.S. Immigration and Naturalization Serv.*, 762 F.2d 193, 198 (2d Cir. 1985) (citation omitted). Because plaintiff has not actually filed a complaint or other proper case initiating document, there is no case or controversy properly before this Court. This Court therefore lacks jurisdiction to grant plaintiff's Emergency Motion.

Even construing plaintiff's Emergency Motion as a complaint, the document fails to meet federal pleading standards. *See* Fed. R. Civ. P. 8. Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's allegations here appear to be in the nature of those commonly made in a civil rights action, but no constitutional violation is alleged. A complaint must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). The Emergency Motion gives no such notice here. Because no constitutional violation is alleged in the Emergency Motion, even if construed as a civil rights complaint, it fails to satisfy the federal pleading standards.

Moreover, the government's Report indicates plaintiff has already received the

relief sought in the Emergency Motion. "[F]ederal courts may not 'give opinions upon moot questions or abstract propositions.'" *Calderon v. Moore*, 518 U.S. 149, 150, 116 S. Ct. 2066, 135 L. Ed. 2d 453 (1996) (per curiam) (quoting *Mills v. Green*, 159 U.S. 651, 653, 16 S. Ct. 132, 40 L. Ed. 293 (1895)). To maintain a viable claim, a litigant must continue to have a personal stake in the outcome of the suit throughout "all stages of federal judicial proceedings." *U.S. v. Verdin*, 243 F.3d 1174, 1177 (9th Cir. 2001). At any stage of the proceeding a case becomes moot when "it no longer present[s] a case or controversy under Article III, § 2 of the Constitution." *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998).

Here, plaintiff requests relief from the Court in the form of an order for Victorville FCI I to provide him immediate medical care and attention in light of his chronic illness. As noted above, however, the prison has reportedly provided continuing treatment, examination, and medical attention since plaintiff was released from the hospital on September 22, 2016 from his surgery and blood transfusion. Specifically, the prison has examined plaintiff, prescribed new medication, approved consultation requests, and advised plaintiff to return as needed for medical attention. Since the prison has provided plaintiff with the relief sought, there is no case or controversy before the Court. Therefore, plaintiff's Emergency Motion is moot. *See Walker v. Beard*, 789 F.3d 1125, 1131-32 (9th Cir. 2015) ("A case is moot when it has lost its character as a present, live controversy of the kind that must exist if the court is to avoid advisory opinions on abstract propositions of law.") (internal citations and quotations omitted).

//
//

IT IS THEREFORE ORDERED that the Emergency Motion is denied and the action is dismissed without prejudice for lack of jurisdiction and as moot, and Judgment shall be entered accordingly.

DATED: __October 21,__ , 2016

_____
HONORABLE JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE

Presented by:

_____
Sheri Pym
United States Magistrate Judge